**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT FOGGEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16 cv 10963 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO POLICE | ) | |
| DEPARMENT, CITY OF CHICAGO | ) | |
| POLICE BOARD, and | ) | |
| SUPERINTENDENT OF CHICAGO | ) | JURY TRIAL DEMANDED |
| POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**COMPLAINT AND JURY DEMAND**</u>

Plaintiff, Vincent Foggey ("Plaintiff"), through his attorneys, complains against

Defendants City of Chicago Police Department, City of Chicago Police Board and Superintendent

of Chicago Police (collectively, "Defendants"), as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, for unlawful

employment practices on the basis of race and gender, to provide appropriate relief to Plaintiff, a

former employee of Defendants who was adversely affected by such practices.  Plaintiff alleges

that Defendants subjected him to different terms and conditions of employment because of his race

and gender.  Plaintiff further alleges that after he engaged in lawful and protected activity of

reporting the discrimination, Defendants retaliated against Plaintiff by subjecting him to different

terms and conditions of employment, and discharged him from employment.  Plaintiff further

alleges that these actions deprived him of certain civil rights to which he was entitled, in violation

of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 1981a, and 42 U.S.C. § 1988.

3.      Venue is proper in this Court because the discrimination and retaliation practices hereafter alleged to be unlawful were committed within the jurisdiction of this District.

## PARTIES

4.      Plaintiff is an individual and a resident and citizen of the City of Chicago, in Cook County, Illinois; and Defendants' records of Plaintiff's employment reflect Plaintiff's residency and citizenship.  Plaintiff was employed by Defendant City of Chicago Police Department as a police officer.

5.      Defendant City of Chicago Police Department is the law enforcement agency of the City of Chicago, Illinois.

6.      Defendant City of Chicago Police Board is charged with the responsibility of hearing and deciding charges filed by the Superintendent of Police seeking disciplinary measures against City of Chicago police officers.

7.      Defendant Superintendent of Chicago Police leads the Chicago Police Department and his duties include, among other things, filing charges seeking disciplinary measures against police officers.

8.      At all times relevant, each Defendant has been an "employer" of Plaintiff within the meaning of Title VII, 42 U.S.C. § 2000e(b).

9.     At all times relevant, Plaintiff has been an "employee" of Defendants within the meaning of Title VII, 42 U.S.C. § 2000e(f).

FACTS COMMON TO ALL COUNTS

10.     Since at least September 18, 2014, Defendants have engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. §§ 2000-e(2) and 2000-e(3), and have engaged in unlawful discrimination and deprivation of civil rights in violation of 42 U.S.C. §§ 1981 and 1983.  Such unlawful practices have included: (1) discriminating against and subjecting Plaintiff to different terms and conditions of employment because of his race and gender; (2) retaliating against Plaintiff by subjecting him to different terms and conditions of employment and discharging him in violation of Title VII because he complained about discrimination by his employer; and (3) depriving Plaintiff of civil rights including employment.

11.     In approximately March 2006, Plaintiff began his employment with the Chicago Police Department as a Police Officer.

12.     On approximately September 18, 2014, Plaintiff was on duty and an incident arose at a Walgreens store located at 7109 S. Jeffrey Boulevard in Chicago, Illinois.

13.     Defendants accused Plaintiff of failing to properly assist his partner in responding to that incident.  Plaintiff at all times has maintained and continues to maintain that he responded properly and in accordance with his duties.  In particular, Plaintiff responded to his partner's request to assist with the incident, he physically assisted in controlling the subject, gave appropriate verbal commands, and deescalated the situation until the subject was in custody.

14.     On approximately September 24, 2014, on the Plaintiff's second attempt, Plaintiff filed an official complaint with the Chicago Police Department Bureau of Internal Affairs against

three Chicago Police sergeants alleging misconduct and violation of department policies and procedures in connection with the Defendants' investigation of the September 18, 2014 incident.

15.     At all times relevant, Defendants failed to follow proper protocol and procedures in investigating the official complaint Plaintiff filed, and instead took actions to cause bias against Plaintiff by certain of his peers and superiors.

16.     On approximately September 24, 2014, Defendants issued Plaintiff a notification of duty restrictions purportedly arising from the incident, and Plaintiff was stripped of his duties and reassigned to a lesser position.

17.     On approximately June 26, 2015, Defendants issued a thirty (30) day suspension without pay to Plaintiff for purportedly violating Chicago Police Department rules relating to the incident.  Plaintiff's suspension began on July 16, 2015.

18.     On approximately June 29, 2015, Defendant Superintendent of Police filed with Defendant City of Chicago Police Board charges against Plaintiff in connection with the incident, and recommended that Plaintiff be discharged for purportedly violating Chicago Police Department rules relating to the incident.

19.     On approximately December 21, 2015, Plaintiff filed a Charge of Discrimination against Defendants with the Illinois Department of Human Rights, charge no. 2016 CF 1291, alleging that Defendants discriminated against him on the basis of race and gender in regard to his July 2015 suspension.  Specifically, Plaintiff alleged that similarly situated non-black and/or female police officers were not suspended without pay under similar circumstances.  Plaintiff's Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), no. 21B201600421 (Exhibit 1).

20.     On approximately March 10, 2016, Defendant City of Chicago Police Department filed its Response to Plaintiff's Charge of Discrimination, denying Plaintiff's allegations.

21.     On approximately March 17, 2016, Defendant City of Chicago Police Board issued its Findings and Decision that Plaintiff be discharged from his position as a police officer with the City of Chicago Police Department.

22.     On approximately March 28, 2016, Defendants terminated Plaintiff's employment in retaliation for his complaints and charges of discrimination, and in retaliation for reporting official and reckless misconduct of three Chicago Police sergeants.

23.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, civil rights, and to otherwise adversely affect his status as an employee because of his race and his gender.

24.     The unlawful practices complained of above were intentional.

25.     The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff because of his race and his gender.

26.     The unlawful practices complained of above have caused Plaintiff to suffer damages including, but not limited to, lost wages, deprivation of civil rights, pain and suffering.

27.     In approximately April 2016, Plaintiff filed a Second Charge of Discrimination against Defendants with the EEOC, charge no. 21B20161547, alleging discrimination and retaliation by Defendants for engaging in the protected activities of filing his first Charge of Discrimination in December 2015 and reporting the official misconduct of three Chicago Police sergeants.  (Exhibit 2).

28.     On approximately June 7, 2016, Plaintiff filed a Complainant Information Sheet with the Illinois Department of Human Rights, alleging that he was wrongfully terminated in

retaliation for engaging in the protected activities of filing his first Charge of Discrimination in December 2015 and reporting the official misconduct of three Chicago Police sergeants. On approximately June 20, Plaintiff filed a Second Charge of Discrimination against Defendants with the Illinois Department of Human Rights, charge no. 2016 CF 2986, alleging discrimination and retaliation by Defendants.

29.     Plaintiff was issued a Right to Sue Letters from the U.S. Department of Justice on approximately September 2, 2016 relating to both of his Charges of Discrimination (Exhibit 3). Plaintiff has timely filed this lawsuit within ninety (90) days of the receipt of the Letters.

COUNT I
Violation of Title VII – Discrimination Based on Race

30.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as Paragraph 30 of this Count I.

31.     At all times relevant, there was in effect a federal statute, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., which provides:

> It shall be an unlawful employment practice for an employer –
>
> (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).

32.     Defendants were aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or terminate an employee's employment because of the employee's race.

6

33. During Plaintiff's employment with Defendants, he was subjected to acts of discrimination by Defendants' employees, supervisors, and board members.

34. This illegal race discrimination created a hostile and abusive work environment for Plaintiff.

35. Defendants' actions as set forth above were willful, intentional and/or made in reckless disregard of Plaintiff's rights.

36. Defendants' conduct as described above constitutes a willful violation of Title VII.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendants, and awarding Plaintiff the following relief:

    a. Back pay relating to the during the 30-day period of time where Plaintiff was suspended without pay, beginning on approximately July 16, 2015;

    b. Back pay from March 28, 2016 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid his full salary for all time normally worked, to which Plaintiff would have been entitled had he remained employed by Defendants through the date of judgment;

    c. Front pay;

    d. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

    e. Costs and reasonable attorneys' fees incurred;

    f. Pre- and post-judgment interest on all amounts awarded under (a), (b), and (d) above;

    g. Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future; and

h.   Such further legal and equitable relief as this Court deems proper and just.

<u>COUNT II</u>
Violation of Title VII – Discrimination Based on Gender

37.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as Paragraph 37 of this Count II.

38.   At all times relevant, there was in effect a federal statute, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., which provides:

It shall be an unlawful employment practice for an employer –

(3) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(4) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).

39.   Defendants were aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or terminate an employee's employment because of the employee's gender.

40.   During Plaintiff's employment with Defendants, he was subjected to acts of discrimination by Defendants' employees, supervisors, and board members.

41.   This illegal gender discrimination created a hostile and abusive work environment for Plaintiff.

42.   Defendants' actions as set forth above were willful, intentional and/or made in reckless disregard of Plaintiff's rights.

43.   Defendants' conduct as described above constitutes a willful violation of Title VII.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendants, and awarding Plaintiff the following relief:

    a. Back pay relating to the during the 30-day period of time where Plaintiff was suspended without pay, beginning on approximately July 16, 2015;

    b. Back pay from March 28, 2016 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid his full salary for all time normally worked, to which Plaintiff would have been entitled had he remained employed by Defendants through the date of judgment;

    c. Front pay;

    d. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

    e. Costs and reasonable attorneys' fees incurred;

    f. Pre- and post-judgment interest on all amounts awarded under (a), (b), and (d) above;

    g. Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future; and

    h. Such further legal and equitable relief as this Court deems proper and just.

## COUNT III
Violation of Title VII – Unlawful Retaliation

44. Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as Paragraph 44 of this Count III.

45. At all times relevant, there was in effect a certain federal statute, Title VII, which provides,

> It shall be an unlawful employment practice for an employer to discriminate against any of its employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

46. Defendants were aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or terminate an employee's employment because of the employee's race and/or gender.

47. Plaintiff filed a complaint against certain Chicago Police sergeants directly involved in the investigation of the incident at issue, and filed a formal Charge of Discrimination against Defendants regarding the illegal discrimination that he was suffering at the hands of Defendants, which resulted in a hostile work environment.

48. Shortly after Plaintiff's last complaint of discrimination, Defendants terminated Plaintiff's employment, either in whole or in part, because of his gender, and in retaliation for his complaints against Defendants.

49. Defendants' conduct as set forth above is so harmful it would dissuade a reasonable worker from filing a discrimination complaint.

50. Defendants' actions as set forth above were willful, intentional, and/or made in reckless disregard of Plaintiff's rights.

51. Defendants' conduct as described above constitutes a willful violation of Title VII.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendants, and awarding Plaintiff the following relief:

    a. Back pay relating to the during the 30-day period of time where Plaintiff was suspended without pay, beginning on approximately July 16, 2015;

b. Back pay from March 28, 2016 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid his full salary for all time normally worked, to which Plaintiff would have been entitled had he remained employed by Defendants through the date of judgment;

c. Front pay;

d. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

e. Costs and reasonable attorneys' fees incurred;

f. Pre- and post-judgment interest on all amounts awarded under (a), (b), and (d) above;

g. Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future; and

h. Such further legal and equitable relief as this Court deems proper and just.

<u>COUNT IV</u>
Violation of 42 U.S.C. § 1981

52.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as Paragraph 52 of this Count IV.

53.     At all times relevant, there was in effect a federal statute, Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

11

54. Defendants were aware, or should have been aware, of Section 1981 and that it is illegal to treat a citizen and employee differently and/or terminate an employee's employment because of the employee's race.

55. During Plaintiff's employment with Defendants, he was subjected to acts of discrimination by Defendants' employees, supervisors, and board members.

56. This illegal race discrimination created a hostile and abusive work environment for Plaintiff.

57. Defendants' actions as set forth above were willful, intentional and/or made in reckless disregard of Plaintiff's rights.

58. Defendants' conduct as described above constitutes a willful violation of Section 1981.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendants, and awarding Plaintiff the following relief:

     a. Back pay relating to the during the 30-day period of time where Plaintiff was suspended without pay, beginning on approximately July 16, 2015;

     b. Back pay from March 28, 2016 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid his full salary for all time normally worked, to which Plaintiff would have been entitled had he remained employed by Defendants through the date of judgment;

     c. Front pay;

     d. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

     e. Costs and reasonable attorneys' fees incurred;

f.   Pre- and post-judgment interest on all amounts awarded under (a), (b) and (d) above;

g.   Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future; and

h.   Such further legal and equitable relief as this Court deems proper and just.

<u>COUNT V</u>
Violation of 42 U.S.C. § 1983

59.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as Paragraph 59 of this Count V.

60.     At all times relevant, there was in effect a certain federal statute, Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

61.     Defendants were aware, or should have been aware, of Section 1983 and that it is illegal to deprive a citizen and employee of civil rights without due process and due to the employee's race, gender, or the employee's exercise of protected conduct to enforce his or her civil rights.

62.     Plaintiff filed a complaint against certain officers, and filed a formal Charge of Discrimination against Defendants regarding the illegal discrimination that he was suffering at the hands of Defendants, which resulted in a hostile work environment.

63.     Shortly after Plaintiff's last complaint of discrimination, Defendants terminated Plaintiff's employment, either in whole or in part, because of his race and/or gender, and in retaliation for his complaints against Defendants.

64.     Defendants' actions as set forth above caused Plaintiff to be deprived of his civil rights without due process.

65.     Defendants' actions as set forth above were willful, intentional, and/or made in reckless disregard of Plaintiff's rights.

66.     Defendants' conduct as described above constitutes a willful violation of Section 1983.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendants, and awarding Plaintiff the following relief:

a.  Back pay relating to the during the 30-day period of time where Plaintiff was suspended without pay, beginning on approximately July 16, 2015;

b.  Back pay from March 28, 2016 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid his full salary for all time normally worked, to which Plaintiff would have been entitled had he remained employed by Defendants through the date of judgment;

c.  Front pay;

d.  Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

e.  Costs and reasonable attorneys' fees incurred;

f.  Pre- and post-judgment interest on all amounts awarded under (a), (b) and (d) above;

g.  Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future; and

h.  Such further legal and equitable relief as this Court deems proper and just.

Respectfully submitted,

VINCENT FOGGEY

/s/ James X. Bormes
Attorney for Plaintiff

James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois  60603
(312) 201-0575
jxbormes@bormeslaw.com

Leonard Mungo
The Mungo Law Firm, PLC
333 W. Ford Street
Suite 1500
Detroit, MI  48226
(313) 963-0407
MungoL16@msn.com