## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT FOGGEY, | ) | |
| | ) | Case No. 16-CV-10963 |
| Plaintiff, | ) | |
| v. | ) | Judge Manish Shah |
| | ) | |
| CITY OF CHICAGO POLICE | ) | Magistrate Judge Young B. Kim |
| DEPARTMENT, CITY OF CHICAGO | ) | |
| POLICE BOARD, and | ) | |
| SUPERINTENDENT OF POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND TO SUBSTITUTE REAL PARTY IN INTEREST UNDER RULE 17

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the City of Chicago, through named Defendants Chicago Police Department and Chicago Police Board (collectively, "the City") respectfully requests the Court dismiss this suit with prejudice. The City also requests that it be substituted as the real party in interest under Federal Rule of Civil Procedure 17.

## INTRODUCTION

This is a five-count Complaint based on Plaintiff Vincent Foggey's ("Plaintiff's") discharge from his position as a Police Officer by the City of Chicago. Plaintiff alleges that this violated Title VII, *Count I,* ¶¶30-36 (race); *Count II,* ¶¶ 37-43 (gender); *Count III,* ¶¶ 44-51 (retaliation), 42 USC § 1981, *Count IV,* ¶¶ 52-58, and 42 USC § 1983, *Count V,* ¶¶ 59-66.

However, Plaintiff's claims are barred by *res judicata,* because he already had the opportunity to litigate this case before the Police Board and on administrative review. Additionally, Plaintiff's § 1981 claim should be dismissed because it cannot be brought against a state actor, and his § 1983 claim should be dismissed because Plaintiff has failed to allege facts

to support a *Monell* claim, and his retaliation allegations fail to state a constitutional claim. Finally, the City should be substituted for the current defendants as the real party in interest.

## FACTUAL ALLEGATIONS

Plaintiff was a Police Officer employed by the City of Chicago. *Federal Complaint* at ¶ 4; 11. On September 18, 2014, Plaintiff was on duty when an incident arose at a Walgreens at 7109 S. Jeffrey Boulevard. ¶ 12. While he denies the underlying misconduct, Plaintiff concedes that he was accused of failing to properly assist his partner in responding to the incident. ¶ 13. Based on his conduct on September 18, 2014, Plaintiff's duties were restricted. ¶ 14; 16. He alleges that he filed an internal complaint about the investigation into his misconduct on September 18, 2014, and that the matter was not properly investigated. ¶¶ 14-15. Subsequently, he was issued a 30-day suspension while Charges seeking his discharge were filed before the Police Board on June 29, 2015. ¶¶ 17-18.

The Police Board held a hearing on charges seeking Plaintiff's on November 16 and 23, 2015, with Plaintiff having prior notice and being represented by legal counsel. *Findings and Decision,* **Exhibit A** at 1-2.[1] The charges alleged misconduct during an incident on September 18, 2014. *Id.* at 2-6. The Police Board considered evidence including, in part, the testimony of Plaintiff, his partner Officer Sanjin Hodzic, Sergeant Larry Snelling of the Training Academy, Sergeant Elise Padilla, and a video recording of the incident. *Id.* at 2-4. After this hearing, Plaintiff filed his first discrimination charge on December 21, 2015. ¶ 19.

The Police Board issued a *Findings and Decision* on March 17, 2016, which decided that Plaintiff should be discharged. ¶ 21. It found Plaintiff guilty, finding that he had failed to assist

---

[1] In this motion, the City will request that this Court take judicial notice of public records establishing what happened in Plaintiff's administrative hearing and state case. *See* Argument at § A(1), *infra*.

Officer Hodzic in a physical altercation with an assailant. **Exhibit A** at 2-6. The Police Board

concluded that Plaintiff's discharge was appropriate. *Id.* at 6-7. It explained:

> Police Officers regularly encounter difficult subjects on the street. They are trained to
> rely on their partners, and use their radios and various control tactics in order to keep the
> public and themselves safe. In this case, Officer Foggey completely failed to utilize any
> of his training and displayed a gross sense of indifference to a dangerous situation. This
> left his partner in jeopardy and injured, and created confusion among those officers
> responding and seeking to provide support. Further, Officer Foggey refused to take
> responsibility for his failures, even in the face of the video recording. His unwillingness
> to support his fellow officer in this case renders him unfit to continue to serve as a police
> officer. *Id.*

After the Police Board's decision, on April 19, 2016, Plaintiff filed a Complaint for

Administrative Review contesting his discharge. *Administrative Review Complaint,* **Exhibit B.**

He raised no other claims. *Id.* Sometime around April or June, he also filed a second

discrimination charge. ¶¶ 27-28. Plaintiff's current attorneys substituted into his administrative

review case on June 2, 2016, and a briefing schedule on the administrative review was set.

*Orders,* **Exhibits C**. Plaintiff requested and received an extension of time to file his Brief by

September 9, 2016. *Id.* Meanwhile, he solicited Right to Sue letters in both EEOC Charges. ¶ 29.

On the date Plaintiff's administrative review brief on the merits was due again, he moved to

voluntarily dismiss the case under 735 ILCS 5/2-1009. *Motion,* **Exhibit D**. His Motion was

granted on September 20, 2016, and the case was dismissed, ending the suit. *Order,* **Exhibit E**.

## LEGAL STANDARDS

### A. Legal Standard on a Motion to Dismiss Pursuant to Rule 12(b)(6)

The City seeks dismissal of the Complaint because it fails to state a claim upon which

relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must

contain enough facts "to state a claim for relief that is plausible on its face." *Citadel Grp. Ltd. v.*

*Washington Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012), citing *Ashcroft v. Iqbal*, 556

U.S. 662 (2009). A claim satisfies this pleading standard when the complaint offers sufficient

factual content to allow the court to infer that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Mere legal conclusions are insufficient. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). Where the facts establish an affirmative defense, such as *res judicata,* or otherwise undermine plaintiff's claims, the court may grant a motion to dismiss. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008); *Ennenga v. Starns*, 677 F.3d 766, 776 (7th Cir. 2012).

## ARGUMENT

**A. THIS ACTION SHOULD BE DISMISSED UNDER 12(B)(6) UNDER *RES JUDICATA,* DUE TO THE PRIOR POLICE BOARD AND ADMINISTRATIVE REVIEW**

This lawsuit should be dismissed under Rule 12(b)(6) because it has already been litigated on the merits. Plaintiff litigated the merits of his discharge at a two-day hearing: *In the Matter the Charges Filed Against Vincent Foggey,* 15 PB 2889. He then challenged the Police Board decision *via* administrative review in *Foggey v. Superintendent of Police, et al.,* 16 CH 5479 in the Circuit Court of Cook County. But when his Brief on the merits was due, Plaintiff voluntarily dismissed his suit. Plaintiff's dismissal of *Foggey v. Superintendent of Police, et al.,* 16 CH 5479, renders the Police Board decision final and binding, for *res judicata* purposes.

### 1. This Court should take judicial notice of public records from the prior suit

To resolve this matter, the City asks this Court to take judicial notice of the following public records from Plaintiff's prior administrative review case, *Foggey v. Superintendent of Police, et al.,* 16-CH-5479 in the Circuit Court of Cook County, and the underlying Police Board proceeding, *In the Matter of Vincent Foggey,* 15 PB 2889:

**Exhibit A.** The Police Board's *Findings and Decision* in *In the Matter of Police Offier Vincent Foggey,* 15 PB 2889, available online (last checked 1-27-17) at:

https://www.cityofchicago.org/city/en/depts/cpb/auto_generated/police_discipline_archives.html

**Exhibit B.** Plaintiff's Complaint for Administrative Review in 16-CH-5479, filed 4-19-16

(including a copy of the Police Board's *Findings and Decision* as Exhibit A thereto);

**Exhibit C.** The Court's Orders issued in 16-CH-5479 on 6-2-16, 7-7-16, and 8-19-16;

**Exhibit D.** Plaintiff's Motion for Voluntary Dismissal in 16-CH-5479, filed 9-9-16; and

**Exhibit E.** The Court's Order, dismissing 16-CH-5479 on 9-20-16.

Taking judicial notice of matters of public record, including court and administrative records, is appropriate on a 12(b)(6) motion. *Ennenga*, 677 F.3d at 773 (7th Cir. 2012) (court records); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (same); *Ray v. City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011) (administrative records); *Cause of Action v. Chicago Transit Auth.*, 815 F.3d 267, 277 (7th Cir. 2016) (online gov't records).

## 2. *Res judicata* bars persons from re-litigating matters that were, or could have been, litigated in an earlier proceeding

*Res judicata,* or claim preclusion, prohibits litigants from litigating claims that were, or could have been, litigated during an earlier proceeding. *Hayes v. City of Chicago,* 670 F.3d 810, 813 (7th Cir. 2012); *citing Allen v. McCurry,* 440 U.S. 90, 94 (1980). When Illinois state proceedings are at issue, federal courts turn to Illinois law to decide whether *res judicata* applies. *Hayes,* 670 F.3d at 813. In Illinois, claim preclusion requires: "(1) 'a judgment on the merits rendered by a court of competent jurisdiction'; (2) 'an identity of cause of action'; and (3) 'an identity of parties or their privies.'" *Hayes,* 670 F.3d at 813; *quoting River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 302 (1998). In addition to state court decisions, "both *res judicata* and collateral estoppel apply to administrative decisions that are adjudicatory, judicial, or quasi-judicial in nature." *Bagnola v. SmithKline Beecham Clinical Labs.*, 333 Ill. App. 3d 711, 717 (1st Dist. 2002); *see also Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986).

*Res judicata* has been repeatedly applied to bar Title VII and § 1983 claims by public employees whose discharges were already litigated in state administrative, and administrative review, proceedings. *See, e.g., Hayes,* 670 F.3d at 814 (Chicago Police Board hearing and administrative review barred Officer's subsequent Title VII and § 1983 suit); *Bonnstetter v. City of Chicago,* 811 F.3d 969, 975 (7th Cir. 2016) (*Shakman*); *Davis v. City of Chicago,* 53 F.3d 801, 803 (7th Cir. 1995) (§ 1983); *Walczak v. Chicago Bd. Of Educ.,* 739 F.3d 1013, 1017 (7th Cir. 2014) (ADEA); *Dookeran v. Cook County, Ill.,* 719 F.3d 570, 576 (7th Cir. 2013) (Title VII); *Durgins v. City of East St. Louis,* 272 F.3d 841, 844 (7th Cir. 2001) (§ 1983); *Abner v. Illinois Dep't of Transp.,* 674 F.3d 716, 718-19 (2012) (Title VII); *Welch v. Johnson,* 907 F.2d 714, 721 (7th Cir. 1990) (Title VII and § 1983). For the reasons below, it should be applied here as well.

**3.    There has been a judgment on the merits by a court of competent jurisdiction**

There has been a final judgment on the merits of Plaintiff's discharge. Said judgment occurred at the Police Board, and was made final by Plaintiff's withdrawal of his Administrative Review Complaint. "Both *res judicata* and collateral estoppel apply to administrative decisions that are adjudicatory, judicial, or quasi-judicial in nature." *Bagnola,* 333 Ill. App. 3d at 717 (Chicago Police Board); *Schratzmeier v. Mahoney*, 246 Ill. App. 3d 871, 875 (1993) (same, where plaintiff did not appeal agency decision); *Elliott*, 478 U.S. at 799 (federal courts give state agency factfinding the same preclusive effect as state courts).

Chicago Police Board proceedings are quasi-judicial administrative proceedings on which *res judicata* and/or collateral estoppel can be based. *See, e.g., Bagnola*, 333 Ill. App. 3d at 717 (applying *res judicata* and collateral estoppel based on Chicago Police Board decision); *Hayes,* 670 F.3d at 814; *Wilson v. City of Chicago*, 900 F. Supp. 1015, 1029 (N.D. Ill. 1995) (offensive collateral estoppel); *Czajkowski v. City of Chicago, Ill.*, 810 F. Supp. 1428, 1436

(N.D. Ill. 1992) (judicial estoppel); *Banks v. Chicago Hous. Auth.*, 13 F. Supp. 2d 793, 796 (N.D. Ill. 1998) (declining collateral estoppel on other grounds). Police Board hearings are governed by statute and ordinance which provide for subpoenas and testimony under oath, prohibit hearsay, and give Officers notice, right to legal representation and cross examination, and the opportunity to present witnesses and evidence. 65 ILCS 5/10-1-18.1; Mun. Code Chi. 2-84-030.

Plaintiff's Police Board hearing proceeded on November 16 and 23, 2015. *Findings and Decision,* **Exhibit A** at 1; *Admin Review Complaint,* **Exhibit B** at ¶5. He had prior notice and was represented by counsel. **Exhibit A** at 2. After considering the evidence by both sides, the Police Board found Plaintiff guilty of the charges, and discharged him on the merits. *Id.* at 2-9.

Plaintiff then had a chance to challenge the decision. A party may seek review of final orders by applicable agencies under the Administrative Review Law ("ARL"), 735 ILCS 5/3-101, *et seq.*; 65 ILCS 5/10-1-45 (adopting ARL). On April 19, 2016, he filed a Complaint under the ARL. **Exhibit B** (*Findings and Decision* as Exhibit 1)**.** He raised no other claims. *Id.* A briefing schedule was set, and extended by Plaintiff. *Orders,* **Exhibit C**. When his Brief was due again, Plaintiff moved for voluntary dismissal under 735 ILCS 5/2-1009. *Dismissal Motion,* **Exhibit D**. His Motion was granted, ending the case. *Order,* **Exhibit E**. [2] There has been no subsequent activity in the state court case.

Because this was an action under the ARL, Plaintiff's voluntary dismissal under § 2-1009 renders the underlying Police Board decision a final decision, which bars this action under *res judicata* since it was on the merits. It is true that in some circumstances, a voluntary dismissal without prejudice would not invoke *res judicata*, unless some matters had been disposed of on the merits already. *Compare Richter v. Prairie Farms Dairy, Inc.*, 53 N.E.3d 1, 14 (Ill. 2016) *to*

---

[2] "An attorney's subjective motivation in taking a voluntary dismissal is not part of a *res judicata* analysis." *Hudson*, 228 Ill. 2d at 478.

*Hudson v. City of Chicago*, 228 Ill. 2d 462, 473 (2008) (voluntary dismissal without prejudice was *res judicata* where some matters had been disposed of on the merits); *Mann v. Rowland*, 342 Ill. App. 3d 827, 835 (1st Dist. 2003) (voluntary dismissal with prejudice has *res judicata* effect). However, the ARL expressly states that any voluntary dismissal under § 2-1009 terminates the action, and renders the underlying agency decision final and unappealable.

When an agency adopts the ARL, it becomes the exclusive method of review. 735 ILCS 5/3-102. In an ARL action, any dismissal, including a voluntary one, bars the Plaintiff from re-filing, and renders the underlying administrative decision final:

> In an action to review any final decision of any administrative agency brought under this Article III, if… the action is voluntarily dismissed by the plaintiff… neither the plaintiff nor his or her heirs, executors, or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater. All proceedings in the court for revision of such final decision shall terminate upon the date of the entry of any Order under either Section 2-1009 or Section 13-217. Such Order shall cause the final administrative decision of any administrative agency to become immediately enforceable.

735 ILCS 5/3-102. The Appellate Court has confirmed that the ARL thus "provides that, if a party seeks a voluntary dismissal, as the plaintiff did here, the court's jurisdiction to review the administrative decision terminates and the decision becomes final and unappealable." *Ross v. Ill. Mun. Retirement Fund,* 395 Ill.App.3d 1073, 1078-79 (5th Dist. 2009) (Plaintiff could not re-file voluntarily dismissed ARL complaint, even where she alleged it was dismissed by agreement).[3]

Accordingly, Plaintiff's voluntary dismissal rendered the Police Board's decision in 15 PB 2889 "final and unappealable," *Ross,* 395 Ill.App.3d at 1078, and "immediately enforceable," 735 ILCS 5/3-102. The Police Board decision, in turn, was fully litigated on the merits. **Exhibit A**. There has been a "final judgment on the merits."

---

[3] While a plaintiff was allowed to refile a voluntarily dismissed administrative review case in *Moody's Investors Service, Inc. v. Dep't of Revenue,* 101 Ill.2d 291, 297 (1984), that was before Illinois added the quoted language to § 3-102 in Public Act 84-221, effective 9-1-85. Ill. Leg Serv. P.A. 84-221 (H.B. 883).

Finally, Plaintiff cannot argue that the "with leave to refile" language in his order reserved his rights to file this new federal suit. Such language is insufficiently exact to escape the rule against claim-splitting, even if a plaintiff had already filed his federal suit at the time that he dismissed his state case. *Brown v. City of Chicago,* 771 F.3d 413, 414-15 (7th Cir. 2014).

### 4.     There is an identity of cause of action

Next, the Police Board decision and administrative review case has an identity of cause of action with this suit. Illinois uses the "transactional" test for determining identity of causes of action. *Hayes,* 670 F.3d at 813; *citing River Park*, 184 Ill. 2d at 307. Under the transactional test, "the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Id.* A single group of operative facts considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

As previously cited, federal courts have regularly recognized that Title VII and § 1983 claims challenging a public employee's discharge arise out of the same transaction as a public employee's administrative hearing and administrative review of their discharge. *See, e.g., Hayes,* 670 F.3d at 814; *Davis*, 53 F.3d at 803; *Walczak,* 739 F.3d at 1017; *Dookeran,* 719 F.3d at 575-76; *Durgins,* 272 F.3d at 844; *Abner,* 674 F.3d at 721; *Welch,* 907 F.2d at 722. These claims could be brought in one of two ways originally: in the agency/administrative review process, or by joining claims. Many claims, particularly due process ones, can be directly raised before the agency or on administrative review. *Stratton v. Wenona Cmty. Unit Dist. No. 1*, 133 Ill. 2d 413, 426 (1990) (Plaintiff could argue due process before school board, and also joined § 1983 action); *Comito v. Police Bd.,* 317 Ill.App.3d 677, 686-87 (1st Dist. 2000) (examining, and

9

rejecting, due process arguments in ARL case); *Chisem v. McCarthy*, 24 N.E.3d 877, 883 (Ill. App. 1st Dist. 2014) (same); *Launius v. Bd. of Fire & Police Comm'rs of Des Plaines*, 151 Ill. 2d 419, 442 (1992) (a decision to discipline two employees differently can be arbitrary, if cases are "completely related"); *Hayes,* 670 F.3d at 814; *Durgins,* 272 F.3d at 843; *Abner,* 674 F.3d at 721; *Welch,* 907 F.2d at 722. To the extent some issues are not cognizable before the agency, Title VII or constitutional claims can simply be joined to a state case. *Stratton*, 133 Ill. 2d at 426; *Blount v. Stroud*, 232 Ill. 2d 302, 329 (2009); *Bonnstetter,* 811 F.3d at 975; *Davis,* 53 F.3d at 803; *Walczak,* 739 F.3d at 1017; *Dookeran,* 719 F.3d at 577-78; *Durgins,* 272 F.3d at 843.

Plaintiff's federal complaint plainly arises out of the same operative facts – his discharge for failing to assist his partner on September 18, 2014 – as his Police Board hearing and administrative review. *Compare Federal Complaint* at ¶¶ 12-13 (September 18, 2014 incident); ¶¶ 16-18; 21-22 (subsequent investigation and discharge) *to Findings and Decision,* **Exhibit A**; *Admin Review Complaint*, **Exhibit B**. The Police Board decision at issue in this suit is the same decision made final by the withdrawal of his administrative review action.

The rest of Plaintiff's Complaint simply claims that the City's investigation and/or actions in the above matters were improper in various ways. *Complaint* at ¶¶ 14-15 (alleging that he complained about the investigation, and that it was improper); ¶¶ 19; 27-29 (he filed EEOC/IDHR Charges); ¶¶ 22-26 (alleging that the City's actions were improper); *Count I,* ¶¶30-36 (race discrimination); *Count II,* ¶¶ 37-43 (gender); *Count III,* ¶¶ 44-51 (retaliation); *Count IV,* ¶¶ 52-58 (§ 1981); *Count V, ¶¶* 59-66 (§ 1983). But as the above cases explained, Plaintiff could have raised these issues, directly or by joinder to his previous action.

In fact, Plaintiff's ARL Complaint did make several similar allegations. He argued that the Board violated his procedural rights and did not proceed legally, **Exhibit B** at ¶¶ 8; 9(a), its

rulings were against the manifest weight of the evidence, ¶ 9(d), and its decision was "inconsistent and incompatible with treatment of similarly situated employees," ¶9(e). Moreover, the ARL places the entire record and decision before the court. *Id.* at ¶¶ 9-10; 735 ILCS 5/3-110. And Plaintiff could have joined other claims. Indeed, he solicited Right to Sue letters before he dismissed the state case. *Compare Federal Complaint* at Exhibit 3 to *Motion,* **Exhibit D.**

Thus, the transactional test is met: Plaintiff's federal suit arises from the same group of operative facts as his Police Board hearing and administrative review case. And his Title VII and constitutional claims could have been raised there. There is an identity of his cause of action.

### 5.      There is an identity of parties or their privies

There was also an identity of parties or their privies. Plaintiff was a party to his own discharge hearing and the administrative review thereof. **Exhibit A-E.** The City of Chicago and its Departments or employees in their official capacity are "parties in privity" for *res judicata*, as well. *Garcia v. Village of Mt. Prospect,* 360 F.3d 630, 637 (7th Cir. 2004). Since all elements of *res judicata* are met, this suit is barred, and the complaint should be dismissed with prejudice.

## B.  COUNT IV SHOULD BE DISMISSED BECAUSE PUBLIC ENTITIES CANNOT BE SUED UNDER § 1981

Count IV of Plaintiff's Complaint is brought under 42 U.S.C. § 1981. However, the City of Chicago, as a municipal corporation, is a state actor. It has been squarely decided that 42 U.S.C. § 1983 "provides the exclusive federal damages remedy for violations of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Campbell v. Forest Preserve Dist.,* 752 F.3d 665, 671 (7th Cir. 2014); *quoting Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *see also Sams v. City of Chicago*, No. 13 CV 7625, 2014 WL 6685809, at *5 (N.D. Ill. Nov. 25, 2014) (applying *Campbell* to the City of Chicago). Plaintiff cannot bring a

§ 1981 claim against the City of Chicago, and he already has a separate Count under § 1983 with substantially identical allegations. *See Count V.* Count IV should be dismissed with prejudice.

## C. COUNT V SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE *MONELL* LIABILITY AGAINST THE CITY, AND HAS NOT STATED A CONSTITUTIONAL CLAIM FOR RETALIATION

Count V alleges a violation of 42 U.S.C. § 1983. However, the allegations in support of this Count are simply a reprisal of Plaintiff's garden-variety discrimination and retaliation claims. *Federal Complaint* at ¶¶ 60-66. No individuals are sued,[4] and the only analysis is whether Plaintiff's allegations state a claim against the City of Chicago for § 1983 liability. They do not, since vicarious liability is not enough to state a § 1983 claim against a municipality.

> A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 694 (1978). "A local government unit's unconstitutional policy or custom can be shown by: (1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). On 12(b)(6), "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." *Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 479 (7th Cir. 1997). A *Monell* claim must "plead factual content that allows the court to draw the reasonable inference" that the City maintained a policy, custom, or practice of intentional discrimination against a class of persons" including the plaintiff. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *citing Iqbal,* 556 US at 662.

---

[4] As noted in Section D, *infra,* Plaintiff has not named any individual Sup't, and "official capacity suits are actions against the government entity of which the official is a part." *Sanville*, 266 F.3d at 732.

Here, Plaintiff has not even provided boilerplate allegations to invoke *Monell*. There are no allegations even suggesting that his termination was the execution of an unconstitutional "policy or custom." Thus, he has failed to meet the pleading standards of § 1983 *Monell* liability, and Count V should be dismissed. *See, e.g., McCauley*, 671 F.3d at 616.

Even if Plaintiff had alleged *Monell* liability, his claims of retaliation claim do not state a constitutional violation under § 1983. He relies on two types of complaint: to internal affairs, and to the EEOC or IDHR. ¶¶ 14; 19; 27-28; 62. But "the right to be free from retaliation may be vindicated under the First Amendment or Title VII, but not the equal protection clause." *Boyd v. Illinois State Police*, 384 F.3d 888, 898 (7th Cir. 2004); *Gray v. Lacke,* 885 F.2d 399, 414 (7th Cir.1989) ("Gray's right to be free from retaliation for protesting sexual harassment and sex discrimination is a right created by Title VII, not the equal protection clause."); *Brown v. Illinois Dep't of Pub. Aid*, 318 F. Supp. 2d 696, 699 (N.D. Ill. 2004) (dismissing first amendment claim where Plaintiff EEOC charge only sought his own private redress, and did not touch on any public matter) *Kubiak v. City of Chicago*, 810 F.3d 476, 482 (7th Cir. 2016) (internal affairs complaint is not a first amendment matter); *Houskins*, 549 F.3d at 491 (same). Thus Plaintiff cannot simply shoehorn his complaints into equal protection claims. Nor has he alleged that he spoke as a citizen on a matter of public concern, to trigger any further First Amendment analysis. *Kubiak*, 810 F.3d at 481. He has failed to state a claim as to any retaliation.

## D. THE CURRENT DEFENDANTS SHOULD BE REPLACED WITH THE CITY OF CHICAGO AS THE REAL PARTY IN INTEREST

Finally, the Complaint names three Defendants: the "City of Chicago Police Department," the "City of Chicago Police Board," and the "Superintendent of Police." The City of Chicago should be substituted as the real party in interest under FRCP 17(a).

The Chicago Police Department and Police Board are subcomponents of the City of Chicago created by ordinance. Mun. Code Chi. 2-84-010 (Police Department); 2-84-020 (Police Board). As such, they are not suable entities. *Averhard v. City of Chicago,* 114 Fed.Appx. 246, 247 (7th Cir. 2004) (Police Dep't not suable); *Lewis v. City of Chicago*, 496 F.3d 645, 657 (7th Cir. 2007) (same); *Moore v. Martin*, No. 89 C 7473, 1990 WL 37767, at *3 (N.D. Ill. Mar. 15, 1990) (CPD & Police Board); *Caliendo v. Rodriguez*, No. 94 C 4602, 1994 WL 659183, at *1 (N.D. Ill. Nov. 18, 1994) (same). The City of Chicago should be substituted for both.

The Complaint has also named the "Superintendent of Police." However, no individual person is identified. If Plaintiff was intending to sue a specific current or former Superintendent, based on allegations of specific improper acts by that person, they would have to be named and served.[5] If Plaintiff is suing the office of Superintendent in its official capacity, then the City suffices as a defendant. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990). "In the absence of any express statement that the parties are being sued in their individual capacities, an allegation that the defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only." *Id.* "Official capacity suits are actions against the government entity of which the official is a part." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001); *see also Smith v. City of Chicago*, 143 F. Supp. 3d 741, 757 (N.D. Ill. 2015) (dismissing Superintendent in official capacity in suit against City of Chicago).

---

[5] Since this Court has not ruled as to whether the Complaint has satisfactorily sued an individual, the undersigned has not entered an appearance on behalf of the "Superintendent of Police," lest doing so be construed as a prematurely establishing an attorney-client relationship with any specific person.

## <u>CONCLUSION</u>

For the reasons stated above, the City requests that Plaintiff's Complaint be dismissed with prejudice, and for any other relief that this Court deems appropriate.


Dated: January 30, 2017

Respectfully submitted,
STEPHEN R. PATTON
Corporation Counsel of the City of Chicago

By:     */s/ Daniel W. Myerson*
DANIEL W. MYERSON
Assistants Corporation Counsel


30 N. La Salle St., Suite 1020
Chicago, Illinois 60602
(312) 744-4939