**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT FOGGEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 cv 10963 |
| | ) | |
| v. | ) | Hon. Manish S. Shaw |
| | ) | |
| CITY OF CHICAGO; EDDIE JOHNSON; GARRY MCCARTHY; LORI E. LIGHTFOOT; GHIAN FOREMAN; MELISSA M. BALATTE; WILLIAM F. CONLON; MICHAEL EADDY; RITA A. FRY; JOHN H. SIMPSON; RHODA D. SWEENEY; and CLAUDIA B. VALENZUELA, LT. DARREN DOSS, SGTs JOAQUIN MENDOZA, ELISE PADILLA, CHARLES GRAY, CMDR JAMES JONES, SGTs JANINE HERMANN and TIMOTHY WOLF | ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Kim |
| Defendants. | ) | **JURY DEMAND** |

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, Vincent Foggey ("Plaintiff"), through his attorneys, for his Amended Complaint against Defendant City of Chicago, Garry McCarthy, Eddie Johnson, Lori E. Lightfoot, Ghian Foreman, Melissa M. Balatte, William F. Conlon, Michael Eaddy, Rita A. Fry, John H. Simpson, Rhoda D. Sweeney, Claudia B. Valenzuela, Lt. Darren Doss, Sgt. Joaquin Mendoza, Sgt. Elise Padilla, Sgt. Charles Gray, Cmdr James Jones, Sgt. Janine Hermann, and Sgt. Timothy Wolf (collectively, "Defendants"), states as follows:

**NATURE OF THE ACTION**

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, for unlawful

1

employment practices on the basis of race, to provide appropriate relief to Plaintiff, a former employee of Defendants who was adversely affected by such practices. Plaintiff alleges that Defendants subjected him to different terms and conditions of employment because of his race. Plaintiff further alleges that after he engaged in lawful and protected activity of reporting the discrimination, Defendants retaliated against Plaintiff by subjecting him to different terms and conditions of employment, and discharged him from employment. Plaintiff further alleges that these actions deprived him of certain civil rights to which he was entitled, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 1981a, and 42 U.S.C. § 1988.

3. Venue is proper in this Court because the discrimination and retaliation practices hereafter alleged to be unlawful were committed within the jurisdiction of this District.

## PARTIES

4. Plaintiff is an individual and a resident and citizen of the City of Chicago, in Cook County, Illinois; and Defendants' records of Plaintiff's employment reflect Plaintiff's residency and citizenship. Plaintiff was employed by the City of Chicago as a police officer. Plaintiff is African-American.

5. Defendant City of Chicago is a municipal corporation, so authorized under the laws of the State of Illinois.

6. Defendant Garry McCarthy is the former Superintendent of the City of Chicago

Police Department. Plaintiff's claims are brought against Defendant McCarthy individually and in his official capacity as Superintendent.

7. Lt. Darren Doss, Sgt. Joaquin Mendoza, Sgt. Elise Padilla, Sgt. Charles Gray, Cmdr. James Jones, Sgt. Janine, Hermann and Sgt. Timothy Wolf at all times herein were employees, agents, officers and supervisors within the Chicago Police Department. Acting in concert and individually they undertook to violate the Plaintiffs constitutional and statutory rights as set forth below. They are sued in their official and individual capacities.

8. Defendant Eddie Johnson is the current Superintendent of the City of Chicago Police Department. Plaintiff's claims are brought against Defendant Johnson individually and in his official capacity as Superintendent.

9. Defendant Lori E. Lightfoot is a member of the City of Chicago Police Board. Plaintiff's claims are brought against Defendant Lightfoot individually and in her official capacity as a Police Board Member.

10. Defendant Ghian Foreman is a member of the City of Chicago Police Board. Plaintiff's claims are brought against Defendant Foreman individually and in his official capacity as a Police Board Member.

11. Defendant Melissa M. Balatte is a member of the City of Chicago Police Board. Plaintiff's claims are brought against Defendant Balatte individually and in her official capacity as a Police Board Member.

12. Defendant William F. Conlon is a member of the City of Chicago Police Board. Plaintiff's claims are brought against Defendant Conlon individually and in his official capacity as a Police Board Member.

13. Defendant Michael Eaddy is a member of the City of Chicago Police Board.

Plaintiff's claims are brought against Defendant Eaddy individually and in his official capacity as a Police Board Member.

14. Defendant Rita A. Fry is a member of the City of Chicago Police Board. Plaintiff's claims are brought against Defendant Fry individually and in her official capacity as a Police Board Member.

15. Defendant John H. Simpson is a member of the City of Chicago Police Board. Plaintiff's claims are brought against Defendant Simpson individually and in his official capacity as a Police Board Member.

16. Defendant Rhoda D. Sweeney is a member of the City of Chicago Police Board. Plaintiff's claims are brought against Defendant Sweeney individually and in her official capacity as a Police Board Member.

17. Defendant Claudia B. Valenzuela is a member of the City of Chicago Police Board. Plaintiff's claims are brought against Defendant Valenzuela individually and in her official capacity as a Police Board Member.

18. At all times relevant, each Defendant has been an "employer" of Plaintiff within the meaning of Title VII, 42 U.S.C. § 2000e(b).

19. At all times relevant, Plaintiff has been an "employee" of Defendants within the meaning of Title VII, 42 U.S.C. § 2000e(f).

## FACTS COMMON TO ALL COUNTS

20. Since at least September 18, 2014, Defendants have engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. §§ 2000-e(2) and 2000-e(3), and have engaged in unlawful discrimination and deprivation of civil rights in violation of 42 U.S.C. §§ 1981 and 1983. Such unlawful practices have included: (1) discriminating against and subjecting

Plaintiff to different and adverse terms and conditions of employment because of his race; (2) retaliating against Plaintiff by subjecting him to different terms and conditions of employment and discharging him in violation of Title VII because he complained about discrimination by his employer; and (3) depriving Plaintiff of rights secured by the Thirteenth and Fourteenth Amendments to the Constitution of the United States, including terms and conditions of employment that are equal to those enjoyed by white persons and that do not perpetuate the badges and incidents of slavery.

21. In approximately March 2006, Plaintiff began his employment with the City of Chicago Police Department as a Police Officer.

22. On or about September 18, 2014, Plaintiff was on duty and an incident arose at a Walgreens store located at 7109 S. Jeffrey Boulevard in Chicago, Illinois. Plaintiff came to the assistance of his partner in making an arrest of a subject at the time.

23. Defendants accused Plaintiff of failing to properly assist his partner in responding to that incident.

24. At all times Plaintiff responded properly and in accordance with his duties. In particular, Plaintiff responded to his partner's request for assistance and physically assisted in controlling the subject, gave appropriate verbal commands, and deescalated the situation until the subject was in custody.

25. On or about September 21, 2014, Plaintiff reported to one of his supervisors, Lieutenant Darren Doss, the misconduct of three Chicago Police sergeants, Joaquin Mendoza, Elise Padilla, and Charles Gray, regarding violation of department policies and procedures in connection with the Defendants' investigation of the September 18, 2014 incident.

26. Lieutenant Doss failed to initiate an investigation of the incident, in violation of

City of Chicago Police Department's policy.

27. On or about September 24, 2014, Plaintiff again complained and filed an official complaint with the City of Chicago Police Department Bureau of Internal Affairs against three Chicago Police sergeants, Joaquin Mendoza, Elise Padilla, and Charles Gray, alleging misconduct and violation of department policies and procedures in connection with the Defendants' investigation of the September 18, 2014 incident.

28. Prior to Plaintiff's second attempt to file an official complaint, Plaintiff complained to District Commander James Jones that the three sergeants were publicly broadcasting video footage of the incident to other officers, thereby compromising any investigation into the incident. District Commander Jones failed to direct the sergeants and/or discipline said sergeants so as to get them to stop broadcasting the aforementioned video footage. Indeed, Jones did nothing until, finally, Plaintiff's union representative complained to Jones.

29. At all times relevant, Defendants failed to follow proper protocol and procedures in investigating Plaintiff's complaint, and instead took actions so as to cause bias against Plaintiff by certain of his peers and superiors.

30. Internal Affairs Department Sergeant Janine Hermann completed an investigation of Plaintiff's official complaint. Interviews relating to the complaint were conducted by Sergeant Timothy Wolf.

31. On or about April 20, 2015, Sergeant Hermann deemed Plaintiff's complaint to be unfounded.

32. Defendants' investigation of the September 18, 2014 incident, and Plaintiff's complaint related thereto, failed to afford due process, and was biased and improper for the following reasons:

6

    a. Defendants disregarded, ignored and failed to investigate the incident upon which Plaintiff's first complaint was based;

    b. Defendants failed to address and to timely stop the dissemination of evidence relating to Plaintiff's complaint;

    c. Defendants disregarded and failed to comply with General Order G08-01, by denying Plaintiff fundamental principles of fairness in investigating Plaintiff's official complaint;

    d. Defendants failed to properly consider witness statements and other evidence in investigating Plaintiff's official complaint; and

    e. Defendants failed to conduct a sufficient and comprehensive investigation of Plaintiff's second official complaint, in violation of department policy and principles of due process.

33. Where Internal Affairs' investigations have been directed at the conduct of Caucasian officers, the procedural and due process protections, referenced above, were routinely provided; similarly, when Caucasian officer have filed complaints against other officers, those complaints have been fully investigated. The custom and practice of racially discriminatory treatment of Police Officers of color within the Chicago Police Department has been well documented by various organizations including but not limited to the U. S. Department of Justice in a January 13, 2017 report. This custom and practice has also in effect been publicly admitted to by the Mayor of the City of Chicago on more than one occasion.

34. On or about September 24, 2014, Defendants issued Plaintiff a notification of duty restrictions purportedly arising from the incident, and Plaintiff was stripped of his duties and reassigned to a lesser position.

35. The notification of duty restrictions was issued to Plaintiff from the "Chief, Bureau of Internal Affairs", and served on Plaintiff by Sergeant James Baier.

36. On or about June 26, 2015, Defendants issued a thirty (30) day suspension without pay to Plaintiff for purportedly violating City of Chicago Police Department rules relating to the incident. Plaintiff's suspension began on July 16, 2015. The suspension was issued to Plaintiff by Defendant Superintendent Garry McCarthy.

37. On or about June 29, 2015, the Defendant McCarthy filed with City of Chicago Police Board charges against Plaintiff in connection with the incident, and recommended that Plaintiff be discharged for purportedly violating City of Chicago Police Department rules relating to the incident.

38. On or about December 21, 2015, Plaintiff filed a Charge of Discrimination against Defendants with the Illinois Department of Human Rights, charge no. 2016 CF 1291, alleging that Defendants discriminated against him on the basis of race and gender in regard to his July 2015 suspension. Specifically, Plaintiff alleged that similarly situated non-black police officers were not suspended without pay under similar circumstances. Plaintiff's Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), no. 21B201600421. (Exhibit 1).

39. On approximately March 10, 2016, the City of Chicago Police Department filed its Response to Plaintiff's Charge of Discrimination, denying Plaintiff's allegations.

40. On or about March 17, 2016, the City of Chicago Police Board issued its Findings and Decision that Plaintiff be discharged from his position as a police officer with the City of Chicago Police Department. That decision was made by Police Board members Lori E. Lightfoot, Ghian Foreman, Melissa M. Balatte, William F. Conlon, Michael Eaddy, Rita A. Fry, John H. Simpson, Rhoda D. Sweeney, and Claudia B. Valenzuela.

41. On or about March 28, 2016, Defendants terminated Plaintiff's employment in retaliation for his charges and complaints of discrimination, and in retaliation for reporting official and reckless misconduct of three Chicago Police sergeants and the filing of Plaintiff's EEOC Complaint against Defendants.

42. Defendants' subsequent investigation of the charges against Plaintiff was not in accordance with proper procedures or due process, and was biased and improper for the following reasons:

   a. Defendants failed to properly consider witness statements and other evidence in investigating the charges against Plaintiff;

   b. Defendants failed to properly consider the procedural rules and regulations governing the rights of officers in such proceedings, including the rules and orders of the City of Chicago Police Department and the applicable collective bargaining agreement;

   c. Defendants disregarded their own disciplinary system regarding police officer rights and conduct;

   d. Defendants failed to provide progressive discipline to Plaintiff;

   e. Defendants ruled against the manifest weight of the evidence provided during the proceedings; and

   f. Defendants failed to conduct a sufficient and comprehensive investigation of the charges against Plaintiff, in violation of department policy and principles of due process.

43. When the City of Chicago Police Board investigated conduct of Caucasian officers, the procedural and due process protections described above as lacking for the Plaintiff herein, were

routinely provided.

44. All actions of the named individual Defendants were undertaken pursuant to an intent to discriminate against the Plaintiff because he was and is a member of a racial minority; in so doing he was deprived of his rights to make and enforce his contract of employment as is enjoyed by white citizens.

45. The members of the City of Chicago Police Board and the Police Superintendent are policy makers with regard to supervision and discipline within the City of Chicago Police Department.

46. At all times relevant, the actions complained of herein were undertaken pursuant to the following policies, customs, and/or practices of the City of Chicago Police Department that were each a moving force in the constitutional and statutory violations of Plaintiff's rights, noted herein:

    a. To undertake investigation of complaints against African American Chicago police officers and/or police supervisors in a manner that is incomplete and conducted in bad faith;

    b. To undertake investigation of complaints against Chicago police officers and/or police supervisors regarding racism and racial discrimination in a manner that is incomplete and conducted in bad faith so as to exonerate those accused of racism; and

    c. To discipline, create a hostile work environment, retaliate against and terminate any police officer who complaint about racism and/or discrimination.

47. At all times relevant, the actions taken by the named individual Defendants, as well as the City of Chicago Police Department, were taken in retaliation for the Plaintiff's complaints

of racism and discrimination within the Chicago Police Department, in violation of his First Amendment right of free speech.

48.     At all times relevant, the actions adverse to the Plaintiff taken by the named individual Defendants, as well as the City of Chicago Police Department, were taken because the Plaintiff had complained of racism and discrimination within the Chicago Police Department.

49.     At all times relevant, the actions taken by the named individual Defendants, as well as the City of Chicago Police Department, including the acts of discipline, the creation of a hostile work environment, and Plaintiff's termination, violated Plaintiff's Fourteenth Amendment rights to due process of law.

50.     At all times relevant, Defendants acted under color of law.

51.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, civil rights, and to otherwise adversely affect his status as an employee because of his race.

52.     The unlawful practices complained of above were intentional.

53.     The unlawful practices complained of above were done with malice or with reckless disregard of the federally protected rights of Plaintiff and were inflicted on him because of his race.

54.     The unlawful practices complained of above have caused Plaintiff to suffer damages including, but not limited to, lost wages, deprivation of civil rights, pain and suffering.

55.     In approximately April 2016, Plaintiff filed a Second Charge of Discrimination against Defendants with the EEOC, charge no. 21B20161547, alleging discrimination and retaliation by Defendants for engaging in the protected activities of filing his first Charge of Discrimination in December 2015 and reporting the official misconduct of three Chicago Police

sergeants. (Exhibit 2).

56. On approximately June 7, 2016, Plaintiff filed a Complainant Information Sheet with the Illinois Department of Human Rights, alleging that he was wrongfully terminated in retaliation for engaging in the protected activities of filing his first Charge of Discrimination in December 2015 and reporting the official misconduct of three Chicago Police sergeants. On approximately June 20, Plaintiff filed a Second Charge of Discrimination against Defendants with the Illinois Department of Human Rights, charge no. 2016 CF 2986, alleging discrimination and retaliation by Defendants.

57. Plaintiff has been issued a Right to Sue Letters from the U.S. Department of Justice on approximately September 2, 2016 relating to both of his Charges of Discrimination (Exhibit 3). Plaintiff timely filed this lawsuit within ninety (90) days of the receipt of the Letters.

## COUNT I
## Violation of Title VII – Discrimination Based on Race and Gender

58. Plaintiff realleges and incorporates by reference Paragraphs 1 through 56 as Paragraph 57 of this Count I.

59. At all times relevant, there was in effect a federal statute, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, which provides:

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).

60. Defendants were aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or terminate an employee's employment because of the employee's race and gender.

61. During Plaintiff's employment with Defendants, he was subjected to acts of racial and gender discrimination by Defendants' employees, supervisors, and board members.

62. This illegal race and gender discrimination created a hostile and abusive work environment for Plaintiff.

63. Defendants' actions as set forth above were willful, intentional and/or made in reckless disregard of Plaintiff's rights.

64. Defendants' conduct as described above constitutes a willful violation of Title VII.

## COUNT II
## Violation of Title VII – Unlawful Retaliation

65. Plaintiff realleges and incorporates by reference Paragraphs 1 through 56 as Paragraph 64 of this Count II.

66. At all times relevant, there was in effect a certain federal statute, Title VII, which provides,

> It shall be an unlawful employment practice for an employer to discriminate against any of its employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

> 42 U.S.C. § 2000e-3(a).

67. Defendants were aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or terminate an employee's employment because of the employee's race and gender.

68. Plaintiff filed a complaint against certain Chicago Police sergeants directly involved in the investigation of the incident at issue, and filed a formal Charge of Discrimination against Defendants regarding the illegal discrimination that he was suffering at the hands of Defendants, which resulted in a hostile work environment.

69. Shortly after Plaintiff's last complaint of discrimination, Defendants terminated Plaintiff's employment, either in whole or in part, because of his race and gender, and in retaliation for his complaints against Defendants.

70. Defendants' conduct as set forth above is so harmful it would dissuade a reasonable worker from filing a discrimination complaint.

71. Defendants' actions as set forth above were willful, intentional, and/or made in reckless disregard of Plaintiff's rights.

72. Defendants' conduct as described above constitutes a willful violation of Title VII.

### COUNT III
### Violation of 42 U.S.C. § 1981 – Impairment of the Right to Make and Enforce Contracts Due to Race

73. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 56 as Paragraph 72 of this Count III.

74. At all times relevant, there was in effect a federal statute, Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

75. Defendants violated this statute in that they treated their employee and co-employee

differently than they would have had he been white and/or similarly terminated him due to his race.

76. During Plaintiff's employment with Defendants, he was subjected to acts of discrimination by Defendants' employees, supervisors, and board members.

77. This illegal impairment of Plaintiff's right to make and enforce his contract of employment created a hostile and abusive work environment for Plaintiff.

78. Defendants' actions as set forth above were willful, intentional and/or made in reckless disregard of and/or deliberate indifference to Plaintiff's rights.

79. Defendants' conduct as described above constitutes a willful violation of 42 U.S.C. Section 1981 in that it perpetuated the badges and vestiges of slavery outlawed by the Thirteenth Amendment to the United States Constitution.

## COUNT IV
**Violation of 42 U.S.C. § 1983 – Fourteenth Amendment –Discrimination Based on Race**

80. Plaintiff realleges and incorporates by reference Paragraphs 1 through 56 as Paragraph 86 of this Count V.

81. At all times relevant, the Civil Rights Act of 1871, 42 U.S.C. § 1983, provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

82. In undertaking the actions that Defendants in this case undertook, they unlawfully deprived him of liberty and property due to his race and thereby deprived him of equal

protection.

83. This illegal race discrimination created a hostile and abusive work environment for Plaintiff.

84. Defendants' actions as set forth above were undertaken deliberately with an intent to discriminate.

## COUNT VI
### Violation of 42 U.S.C. § 1983 – First Amendment – Retaliation

85. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 56 as Paragraph 95 of this Count VI.

86. Those rights to freedom of speech, as secured by the First Amendment to the United States Constitution are enforceable as to state and local governments under the Fourteenth Amendment to the United States Constitution. Defendants created a hostile work environment for Plaintiff and ultimately terminated his employment due to his complaints regarding racial discrimination in the workplace and other misconduct.

87. Defendants' actions as set forth above thus violated Plaintiff's rights to freedom of speech and protest as secured by the First and Fourteenth Amendments to the United States Constitution and Section 1983.

## COUNT VII
### Violation of 42 U.S.C. § 1983 – Fourteenth Amendment – Due Process

88. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 56 as Paragraph 104 of this Count VII.

89. Defendants deliberately failed and refused to investigate Plaintiff's complaints of

race discrimination, as well as of other matters, and in so doing deprived him of due process of law. Further, Defendants' investigation of Plaintiff that led to his discipline and ultimately to his termination lacked dues process of law in that:

   a. It disregarded the evidence presented and available through a variety of witnesses;

   b. It was initiated as a method and means of retaliating against the Plaintiff and, as such, was biased, prejudiced, discriminatory and unfair.

90. As a consequence, Defendants deprived the Plaintiff of due process of law as secured by the Fourteenth Amendment and by 42 U.S.C. § 1983.

## COUNT VIII
### City of Chicago – *Monell* Liability

92. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 45 as if fully set forth herein.

93. The City of Chicago adopted, implemented, supplemented, reinforced and/or promulgated policies, customs, and practices, as set forth above, in particular in Paragraph 45, all of which were a moving force in the violations of Plaintiff's constitutional rights.

94. The City of Chicago implemented and encouraged policies, practices, and customs, as set forth above, with deliberate indifference to the rights of its employees, in particular African American police officers.

### RELIEF SOUGHT ON ALL COUNTS

WHEREFORE, Plaintiff prays for an order entering judgment against Defendants, and awarding Plaintiff the following relief:

   a. Back pay relating to the during the 30-day period of time where Plaintiff was

suspended without pay, beginning on approximately July 16, 2015;

b. Back pay from March 28, 2016 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid his full salary for all time normally worked, to which Plaintiff would have been entitled had he remained employed by Defendants through the date of judgment;

c. Front pay;

d. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

e. Costs and reasonable attorneys' fees incurred;

f. Pre- and post-judgment interest on all amounts awarded under (a), (b) and (d) above;

g. Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future; and

h. Such further legal and equitable relief as this Court deems proper and just.

Respectfully submitted,

VINCENT FOGGEY

*/s/ James X. Bormes*
Attorney for Plaintiff

James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575
jxbormes@bormeslaw.com

Leonard Mungo
The Mungo Law Firm, PLC
333 W. Ford Street
Suite 1500
Detroit, MI 48226
(313) 963-0407

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT FOGGEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 cv 10963 |
| | ) | |
| v. | ) | Hon. Manish S. Shaw |
| | ) | |
| CITY OF CHICAGO; EDDIE JOHNSON; | ) | Magistrate Judge Kim |
| GARRY MCCARTHY; LORI E. | ) | |
| LIGHTFOOT; GHIAN FOREMAN; | ) | |
| MELISSA M. BALATTE; WILLIAM F. | ) | |
| CONLON; MICHAEL EADDY; RITA A. | ) | |
| FRY; JOHN H. SIMPSON; RHODA D. | ) | |
| SWEENEY; and CLAUDIA B. | ) | |
| VALENZUELA, LT. DARREN DOSS, | ) | |
| SGTs JOAQUIN MENDOZA, ELISE | ) | |
| PADILLA, CHARLES GRAY, CMDR | ) | |
| JAMES JONES, SGTs JANINE | ) | |
| HERMANN and TIMOTHY WOLF | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

## JURY DEMAND

Now comes the Plaintiff, Vincent Foggey, by and through his attorney, The Mungo Law Firm, PLC, and hereby demands a jury trial in this cause.

Dated: March 20, 2017

                                                   Respectfully submitted,

                                                   VINCENT FOGGEY

                                                   */s/ James X. Bormes*
                                                   Attorney for Plaintiff

| | |
|---|---|
| James X. Bormes | Leonard Mungo |
| Law Office of James X. Bormes, P.C. | The Mungo Law Firm, PLC |
| 8 South Michigan Avenue | 333 W. Ford Street |
| Suite 2600 | Suite 1500 |
| Chicago, Illinois 60603 | Detroit, MI 48226 |
| (312) 201-0575 | (313) 963-0407 |
| jxbormes@bormeslaw.com | |