IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT FOGGEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16 cv 10963 |
| v. | ) |
| | ) |
| CITY OF CHICAGO POLICE | ) |
| DEPARMENT et al., | ) Hon. Manish S. Shah |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, Vincent Foggey, by his attorneys, hereby moves to compel Defendant City of Chicago to provide responses to discovery and dates for depositions of certain individuals. In support of this motion, Plaintiff states as follows:

Background

Plaintiff filed his Complaint against Defendant City of Chicago alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") for unlawful employment practices on the basis of race and gender. Plaintiff also asserted civil rights violations pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. On February 5, 2018, the Court dismissed the civil rights claims brought by Plaintiff but allowed his Title VII claims to stand. (ECF No. 92). Since that date, the Parties have engaged in discovery.

Defendant has failed to respond to several of Plaintiff's discovery requests. In particular, Defendant failed to provide Responses to: (1) Plaintiff's First Request For Production Of Documents, numbers 7-14, 20, 22-23, 28-29; (2) Plaintiff's Second Request For Production Of Documents, numbers 2 and 7; and (3) Plaintiff's Second Set Of Interrogatories and Third Request

1

For Production of Documents. Defendant also has refused to schedule the requested depositions of (1) Sgt. Mendoza; (2) Sgt. Snelling; and (3) designated representatives pursuant to Rule 30(b)(6) for the following: (a) Chicago Police Department, (b) Civilian Office of Police Accountability; and (c) Chicago Police Board. Plaintiff has engaged in numerous L.R. 37.2 conferences to obtain this information and schedule the depositions. However, Defendant has refused and continues to refuse to provide it. The discovery is germane to Plaintiff's Title VII claims, and Plaintiff requests an Order compelling Defendant to provide the requested information and depositions.

## Standard of Review

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Fed. R. Civ. P. 26(b)(1). "A party may file a motion to compel discovery under Rule 37 where another party fails to respond to a discovery request or where the party's response is evasive or incomplete." *United States v. Ligas*, 2006 U.S. Dist. LEXIS 31656, No. 04 C 930, 2006 WL 1302468, at *4 (N.D. Ill. May 10, 2006) (Holderman, J.). A court has broad discretion under the federal rules to resolve discovery disputes, and a motion to compel discovery is granted or denied at the discretion of the trial court. *See, e.g., Shapo v. Engle*, No. 98 C 7909, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) (Kocoras, J.) (citing *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001)).

## Local Rule 37.2 Efforts

Plaintiff's counsel has made numerous attempts to obtain the discovery at issue. A summary of Plaintiff's efforts are as follows:

- On December 10, 2018 and December 13, 2018, Plaintiff emailed Defendant regarding deposition scheduling for the five witnesses identified above, and regarding the production of

various outstanding documents. (Ex. 1). Defendant responded to these emails on December 13, 14, and 28, 2018. (Ex. 2). Defendant agreed to produce Sgt. Mendoza for deposition on the date set forth in the deposition notice. However, Defendant refused to provide requested documents and objected to and refused to provide dates for the other four deponents. Further, Defendant did not actually produce Sgt. Mendoza for deposition on the agreed upon date.

- On January 4, 2019, Plaintiff again requested a date for the deposition of Sgt. Mendoza, and requested that the discovery closure date be extended to 45 days after the deposition. (Ex. 3). Defendant did not respond to this request.

Argument

Defendant should be compelled to produce the noticed deponents for deposition. First, Defendant has already agreed to produce Sgt. Mendoza for deposition, yet Defendant failed to produce him on the previously agreed-upon date. Defendant should be required to provide a date certain for Sgt. Mendoza's deposition and require him to appear on that date.

Defendant also should be compelled to produce Sgt. Snelling and the three Rule 30(b)(6) designees for deposition. In its December 28, 2018 correspondence, Defendant for the first time objected to these depositions and informed Plaintiff that the deponents would not be produced. Defendant objects to producing Sgt. Snelling because he purportedly does not have personal knowledge of the facts in this matter, and because expert witness discovery has not yet started. However, contrary to Defendant's assertions, Sgt. Snelling does have personal knowledge of Plaintiff's claims because he testified at Plaintiff's Police Board hearing as to the propriety of Plaintiff's conduct at the time of the incident which the Defendant relies upon to justify its unlawful and discriminatory termination of Plaintiff's employment with the Chicago Police Department. Thus, Defendant should produce Sgt. Snelling for deposition.

3

For similar reasons, Defendant should be compelled to designate and produce the Rule 30(b)(6) deponents from each of (a) Chicago Police Department, (b) Civilian Office of Police Accountability ("COPA"); and (c) Chicago Police Board. Defendant has objected to producing any such witnesses as irrelevant and not proportional to the needs in this case, and as vague and overbroad. (See, ex. 3). However, each deposition notice is specifically drafted to seek information relating to whether Plaintiff was discriminated on the basis of race or gender. The notice to Defendant Police Department seeks a designee to testify regarding the policies, procedures, and practices relied upon by the Department in (i) investigating Plaintiff's April 20, 2015 complaint against employees of the department, and (ii) deciding to suspend and terminate Plaintiff. (Group Ex. 4). The notice to COPA seeks a designee to testify regarding the names, race and gender of all officers who have worked at the CPD Third District from September 18, 2014 to the present who have been charged with misconduct, the type of misconduct and any disciplinary actions they suffered. (*Id*.). And the notice to the Police Board seeks a designee to testify regarding the policies, procedures, practices and evidence relied upon by the Police Board in its investigation, findings, and decision regarding Plaintiff. (*Id*.). The information sought from each designee is germane to Plaintiff's claim that he was discriminated against on the basis of race and gender. Defendant should be compelled to produce the most knowledgeable witness from each entity on these topics.

On September 7, 2018, Plaintiff issued his Second Set of Interrogatories and Third Requests for Production of Documents to Defendant. These requests contained one interrogatory and one document request, seeking information regarding disciplinary actions that had been taken against similarly situated Caucasian and female police officers from the period of January 1, 2012 to December 31, 2015. On November 9, 2018, Defendant issued its objections to the requests and

refused to provide the requested information. (Ex. 5). In particular, Defendant objected and refused to provide the requested information as vague, unduly burdensome, irrelevant, and non-proportional, and requiring disclosure of private information. Defendant's objections are unfounded. Defendant should be compelled to produce the information as it is relevant and discoverable regarding whether Plaintiff's claims of racial and gender bias have merit – in particular, regarding whether similarly situated Caucasian and female officers were subjected to the same disciplinary and termination decisions that Plaintiff suffered.

Plaintiff also requests that Defendant be compelled to produce answers and documents responsive to his Second Request for Production of Documents, request no 7. Document Request No. 7 seeks any and all communications, including e-mails and text messages, between certain CPD personnel that were involved in Plaintiff's suspension and dismissal from September 2014 to June 2016. Defendant has objected to this request as irrelevant, not proportional to the needs of the case, and ambiguous. (Ex. 6). However, this request is relevant and proportional, and directly related to Plaintiff's claims because said individuals were involved in the process that led to Plaintiff's termination. Plaintiff has held telephone, e-mail and face to face conversations with Defense Counsel in this matter and have not been able to resolve this matter.

Finally, Defendant should be compelled to produce answers and documents responsive to his First Request For Production Of Documents, numbers 7-14, 20, 22-23, 28-29. Requests no. 7-14 seek the personnel files of individual officers involved in certain incidents on specific dates. Defendant objects to these requests as vague and ambiguous, overly broad and unduly burdensome, and as calling for private individual information. (Ex. 7). However, these requests are narrowly tailored and seek information relating to how other officers were disciplined, if at all

after certain incidents. These files will establish whether Plaintiff was treated similarly to or differently from the officers listed in the requests, and thus are relevant to Plaintiff's claims.

Request No. 28 seeks certain documents targeted to specific dates during the period of the incident at issue which ultimately ended in Plaintiff's termination, as well as certain documents relating to Plaintiff's complaint filed against various employees which resulted in the conduct that formed the basis for Plaintiff's retaliation claims. Defendant has objected to this request as irrelevant and not proportional. While Defendant has produced some documents responsive to Plaintiff's request, not all of the requested documents have been produced. In particular, the following documents are outstanding: 1st, 2nd and 3rd Watch Duty Rosters & A&A Sheets from September 18, 2014 through September 26, 2014; 1st Watch Radio Room Sign Out Sheets from September 18, 2014 to September 26, 2014; 2nd Watch Roster Sheets from September 18, 2014 through September 26, 2014, all for the 3rd District. Because the requests are narrowly tailored and seek information directly related to Plaintiff's claims, Defendant should be compelled to produce them.

Finally, request no. 29 seeks "the Contact Cards and all reports for 2014 related to Plaintiff." Defendant objects to this request as irrelevant, not proportional, and vague. For similar reasons as described above, these documents are relevant because they are evidence of Plaintiff being treated differently from his similarly situated White Officers and his work performance.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order granting his motion and compelling Defendant to provide the requested information, and granting such further relief as this Court deems equitable and just.

         Respectfully submitted,

         VINCENT FOGGEY

         <u>/s/ Leonard Mungo</u>
         Attorney for Plaintiff

| | |
|---|---|
| James X. Bormes | Leonard Mungo |
| Law Office of James X. Bormes, P.C. | The Mungo Law Firm, PLC |
| 8 South Michigan Avenue | 333 W. Ford Street |
| Suite 2600 | Suite 1500 |
| Chicago, Illinois 60603 | Detroit, MI 48226 |
| (312) 201-0575 | (313) 963-0407 |
| jxbormes@bormeslaw.com | MungoL16@msn.com |